UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONALD O. WILLIAMS,

      Petitioner,

v.                                        Case No. 5:04-cv-427-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION, AND DENYING PETITION

Petitioner filed this pro se case seeking habeas corpus relief under 28 U.S.C. § 2254, and is proceeding pursuant to an Amended Petition (Doc. 6). The Petition stems from Petitioner's 2001 nolo contendre plea and conviction of carjacking, for which Petitioner received a 30-year sentence, with 20 years suspended upon completion of a 20-year term of probation (five years of sex offender probation and 15 years of supervised felony probation). App. tab A at 70-82. Petitioner asserts six grounds for relief in the Petition: (1) "Judicial errors," including the trial court's refusal to dismiss appointed counsel and appoint new counsel; (2) Ineffective assistance of counsel; (3) Denial of right to file a direct appeal; (4) Involuntary plea due to mental impairment; (5) Excessive sentence in violation of his constitutional rights; and (6) Prosecutorial misconduct.

The Court referred one claim to the Magistrate Judge for an evidentiary

hearing: That Petitioner's court-appointed attorney denied him effective assistance of counsel by not following Petitioner's instructions to file a notice of appeal or motion to withdraw the plea. See Doc. 44. The Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. 73) recommending that the Petition be denied as to that claim. Petitioner filed an objection to the R&R (Doc. 77). For the reasons set forth more fully below, upon *de novo* review of the record the Court concludes that the objection must be overruled, and that the Petition must be denied in its entirety.[1]

## Factual and Procedural Background

In his plea agreement, Petitioner conceded that the probable cause affidavit provided a sufficient factual basis for his plea. App. tab A at 72. According to the probable cause affidavit, the victim was sitting in her parked car at a Walgreens. A man entered the car, shoved the victim over, told her he had a gun, and drove away with the victim. When the victim struggled, he slapped her in the face and again said that he had a gun. He drove to a church parking lot where he sexually assaulted the victim. A witness came upon the scene, and the victim jumped out of the car as the man tried to drive the car away. The man abandoned the car two blocks from the Walgreens. The police found Petitioner crawling in the bushes nearby. The victim

---

[1] Because the Court may resolve the other claims in the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted as to such claims. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

2

identified the Petitioner as the perpetrator. Id. at 2-3.  No firearm was recovered, and the State initially declined to charge Petitioner with carjacking. Id. at 7, 9. Petitioner was charged by information with sexual battery, kidnaping, and grand theft. Id. at 13-14.

On November 5, 2001, the day trial was to begin, Petitioner entered into a written plea agreement. Id. at 70-73. Pursuant to the plea agreement, the State entered an announcement of nolle prosequi for the three charges in the original information, and filed an amended information charging Petitioner with the single felony count of carjacking. Id. at 83, 86. According to the terms of the plea agreement, Petitioner affirmed that he was satisfied with his counsel's representation, stipulated that the facts were sufficient to support the charge of carjacking, and acknowledged that his plea was voluntary and not coerced. Id. at 72. Petitioner agreed to waive his right to a jury trial and other rights, and the plea agreement also expressly provided that "I have been advised by my attorney that I hereby waive my right to appeal the judgment and sentence of this Court, except appellate review of an illegal sentence or other form of appropriate collateral review or appeal." Id. at 73.

The trial court conducted a plea colloquy during which Petitioner, under oath, affirmed that he had read the plea agreement, understood its terms, and had signed it voluntarily. Id. at 296-97. Petitioner affirmed that he was satisfied with the advice of his appointed counsel, Mr. Higgins. Id. at 297. The trial court inquired whether

3

Petitioner was under the influence of any drugs, alcohol, medication, or narcotics, to which the Petitioner replied "No, sir." Id. The court found that Petitioner was competent, understood the charges, had signed the plea agreement voluntarily, and that there was a factual basis for the plea. Id. at 298. The court accepted the plea, adjudicated Petitioner guilty, and sentenced him. Id. at 298-99.

Petitioner did not file a direct appeal. On November 27, 2002, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. Id. at 103. Petitioner alleged, *inter alia*, that he had been denied his right to due process and the effective assistance of counsel, that the prosecutor had engaged in misconduct, and that he had newly discovered evidence. Id. at 108-09. Petitioner subsequently filed an "addendum" to his motion, elaborating on his ineffective-assistance claim as follows: (1) Counsel failed to investigate physical abuse and psychological manipulation during Petitioner's police interrogation; (2) Counsel failed to move to suppress certain evidence, including statements obtained in violation of Petitioner's constitutional rights; (3) Counsel withheld unspecified evidence and failed to obtain evidence as directed by Petitioner; (4) Counsel failed to investigate the victim, who Petitioner alleged had confessed to "sexually explicit crimes"; (5) Counsel failed to obtain depositions of witnesses; (6) Counsel failed to obtain experts to testify as to lab reports and DNA evidence; (7) Counsel failed to obtain fingerprint experts; (8) Counsel failed to investigate the State's eyewitness; (9) Counsel failed to prepare Defendant for trial; (10) Counsel refused to allow Petitioner's private investigator

access to the case file; (11) Counsel's errors were cumulatively prejudicial; (12) Counsel failed to subpoena the arresting officers for deposition; and (13) Counsel was unethical, unprofessional, and exhibited malice toward Petitioner. Petitioner alleged the following in support of his prosecutorial-misconduct claim: (1) The DA refused to investigate the victim; (2) The DA fraudulently misrepresented that the Petitioner's DNA appeared in lab test results; (3) The DA refused to investigate violations of Petitioner's rights during interrogation; (4) The DA withheld evidence; and (5) Petitioner's sentence was illegal and excessive, especially as to drug-testing requirements and the term of sex-offender probation. Id. at 127-41. Petitioner also filed a "Motion to Include Mental Impairment Ground," alleging that he had been taking psychotropic drugs at the time of his plea that interfered with his decision-making ability. Id. at 154-205.

The trial court denied the Rule 3.850 motion in a written opinion. Id. at 244-52. The court found Petitioner's Motion to add the mental impairment claim legally insufficient, but further found that even if the claim was legally sufficient it was contradicted by the plea colloquy during which Petitioner denied that he was under the influence of any medications. Id. at 245. The court then noted that any claim that Petitioner's plea was involuntary should have been pursued in a motion to withdraw the plea within 30 days after sentencing, and since Petitioner did not do so the claim was only cognizable within the context of an ineffective-assistance claim. Id. at 246 (citing Barnhill v. State, 828 So.2d 405 (Fla. 5th DCA 2002)).

The trial court found that Petitioner's counsel did not render ineffective assistance. With respect to the alleged violation of Petitioner's <u>Miranda</u> rights and counsel's failure to file a motion to suppress, the Court found that Petitioner validly waived his <u>Miranda</u> rights, that claims challenging the sufficiency of the evidence should have been raised on direct appeal, and that Petitioner's guilty plea precluded an attack on the validity or admissibility of the evidence. <u>Id</u>. at 247. The court found that Petitioner did not adequately identify the evidence allegedly withheld by counsel, or explain how the alleged concealment affected his decision to plea. The court found that Petitioner's grounds (3) (failure to investigate accuser); (4) (failure to subpoena unnamed witnesses); (5) (failure to secure DNA expert); (6) (failure to secure fingerprint expert); (7) (failure to investigate eyewitness); and (11) (failure to subpoena arresting officer) were either not cognizable in a 3.850 motion or were clearly refuted by the record. <u>Id</u>. at 248. The court found that issues (3) and (11) were refuted by the record because counsel deposed the victim and the arresting officers. The court found that claims that counsel had failed to investigate unnamed witnesses or hire experts were legally insufficient. <u>Id</u>. at 248-49. The court concluded that Petitioner's expressions in the written plea agreement and in the plea colloquy that he was satisfied with his attorney were sufficient to preclude a later claim of ineffective-assistance, and that Petitioner had failed to demonstrate any prejudice by counsel's alleged errors, or that such errors rendered Petitioner's plea involuntary. <u>Id</u>. at 249. The Court rejected Petitioner's other ineffective-assistance

claims as conclusional and controverted by the written plea agreement and plea colloquy. Id. The court rejected Petitioner's claim of cumulative harm because the court had found no deficient performance as to any of Petitioner's claims. Id.

The trial court rejected Petitioner's prosecutorial-misconduct claims as legally insufficient and vague. Id. at 250-51. Lastly, the trial court determined that Petitioner's sentence was "clearly legal." Id. at 251. Petitioner subsequently sought to submit additional information in support of his mental impairment claim. The court again rejected this claim on the basis of the plea colloquy. Id. Petitioner also sought to argue that his attorney had disregarded his instructions to file an appeal or a motion to withdraw his plea. Id. at 302, 333.

Petitioner filed other motions and appeals, and additional requests for postconviction relief, all of which were rejected by the state courts. See App. tab. A at 633, 656, 694; tabs D-M; Doc. 43 (Supp. App. Exh. N). Petitioner filed a Petition for Belated Direct Appeal in the Fifth District Court of Appeal on July 2, 2004. App. tab B. In that Petition, Petitioner alleged that during the week following his plea hearing, Petitioner's "power of attorney" had demanded that Petitioner's counsel either withdraw Petitioner's plea or file an appeal. Id. The Petition was summarily denied. App. tab C. Petitioner then filed the instant Petition. See Doc. 1. The Respondent filed a response, conceding that the Petition was timely under 28 U.S.C. § 2244, but alleging that Petitioner's claims (1), (3), and (5) were procedurally defaulted because they were not raised on direct appeal, and that

Petitioner's claims (2) and (4) were unexhausted. Doc. 12, 40.[2]

## Standard of Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. Williams v. Taylor, 529 U.S. 362, 403-04 (2000). A federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1). Moreover, each clause ("contrary to" and "unreasonable application") provides a separate basis for review. Williams, 529 U.S. at 405-410.

Further, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The AEDPA directs that only clear and convincing evidence will rebut the presumption of correctness afforded the factual findings of the state court. See § 2254(e)(1).

---

[2]This Court rejected Respondent's argument that Petitioner's ineffective-assistance claim was unexhausted after referring that issue for evidentiary hearing. See Doc. 48. The Court's review of the voluminous state record reflects that the substance of Petitioner's other claims were raised in the state courts. In any event, the Court can deny relief on Petitioner's claims notwithstanding such exhaustion. See 28 U.S.C. § 2254(b)(2).

## Validity of Plea (Claim 4) and Waiver of Claims (1), (5), and (6)

By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel, to raise a defense, and to confront his accusers. Boykin v. Alabama, 395 U.S. 563, 573 (1989). Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) ; Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). A plea of nolo contendre is recognized as the equivalent of a guilty plea in Florida. See Fla. R. App. P. 9.140(b)(2).

The trial court made a finding that Petitioner's plea was knowing and voluntary, and a review of the state court record, in particular of the written plea agreement and plea colloquy, supports that finding. See App. tab A at 70-73 (plea agreement) 296-99 (plea colloquy). On collateral review, the state court also rejected the argument that Petitioner's plea was not knowing and voluntary because Petitioner was under the influence of psychotropic medications. See id. at 244-52; 373-74. This finding was based on Petitioner's statements under oath at the plea colloquy that he was not under the influence of any drugs, alcohol, or medication. See id. at 374. Such "solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Petitioner has failed to demonstrate that the state court's determination that his plea was knowing and voluntary reflects an adjudication that is either contrary to, or an unreasonable

application of, Federal law or an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (d)(2). Accordingly, Petitioner has not demonstrated that he is entitled to habeas relief on his Ground (4), in which he alleges that his plea was involuntary due to mental impairment.

Petitioner's knowing and voluntary plea waived any claims stemming from events alleged to have occurred prior to the plea, including claims of ineffective assistance of counsel that do not implicate the validity of the plea. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (pre-plea claim of ineffective assistance waived). Accordingly, the Court concludes that Petitioner's plea waived federal collateral review of the following claims: Ground (1) "Judicial errors," including the trial court's refusal to dismiss appointed counsel and appoint new counsel; Ground (5) Excessive sentence in violation of constitutional rights; and Ground (6) Prosecutorial misconduct.

**Claims (2) and (3): Ineffective Assistance of Counsel and Right to Appeal**

In order to demonstrate that counsel rendered ineffective assistance, Petitioner must show that (1) counsel's performance was deficient and "fell below an objective standard of reasonableness," and (2) that the deficient performance prejudiced the defense.[3] In the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would

---

[3] Strickland v. Washington, 466 U.S. 668 (1984).

not have pleaded guilty and would have insisted on going to trial."[4] Moreover, "the representations of the defendant [at the plea hearing], as well as any findings by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge, 431 U.S. at 73-74 (1977).

Where a claim of ineffective assistance of counsel is premised on the failure to file an appeal, the inquiry begins with the question of whether counsel consulted with the defendant about an appeal.[5] If counsel has discussed with the defendant the advantages and disadvantages of taking an appeal, and made a reasonable effort to discover the defendant's wishes, counsel performed in a professionally unreasonable manner only if counsel failed to follow the defendant's express instructions to file an appeal.[6] If it is determined that "counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary question: whether counsel's failure to consult with the defendant itself constitutes deficient performance."[7] However, "counsel only has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a

---

[4] Hill v. Lockhart, 474 U.S. 52, 59 (1985).

[5] Roe v. Flores-Ortega, 528 U.S. 470 (2000).

[6] *Id.* at 478.

[7] *Id.*

rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[8]

Following the evidentiary hearing, the Magistrate Judge determined that the uncontroverted testimony at the hearing established that Petitioner's counsel, Mr. Higgins, did not consult with Petitioner regarding the advantages and disadvantages of pursuing an appeal. Doc. 73. The Magistrate Judge then analyzed Petitioner's claim under the second step of the Flores-Ortega standard and determined that Mr. Higgins' credible and probative testimony that Petitioner never told him to appeal supported a finding that Petitioner did not demonstrate an interest in appealing. Id. Further, the Magistrate Judge determined that Petitioner failed to show that a rational defendant would have wanted to appeal, noting that "Petitioner's plea agreement was the result of lengthy negotiations culminating in a highly favorable outcome for Petitioner relative to the initial charges, which included a kidnaping charge for which he faced a potential life sentence." Id. The Magistrate Judge rejected Petitioner's counsel's argument that a rational defendant would have wanted to appeal the sex-offender probation component of Petitioner's sentence, which counsel asserted is arguably illegal since Petitioner was convicted of carjacking and not of a sex offense. Id. The Magistrate Judge noted that the record of the plea colloquy reflects that Petitioner assented to that aspect of the negotiated

---

[8] Id. at 480.

sentence, and affirmed under oath that the plea was in his own best interests, and therefore that a rational defendant would have had no reason to want to appeal an issue that resulted in significant favorable benefit to him. Id.

Petitioner's sole objection to the R&R pertains to whether Petitioner rationally would have wanted to appeal his sentence had his counsel advised him that the sentence was arguably illegal. Doc. 77. In the absence of any authority holding that a negotiated sentence such as Petitioner's is illegal,[9] and in light of the state court record, which does not reflect that the parties or the court believed the sentence was arguably illegal at the time of Petitioner's plea, the Court concludes that the Magistrate Judge correctly determined that a rational defendant would not have wanted to appeal the sentence. Accordingly, Petitioner's objection is **OVERRULED**, and the R&R is **ADOPTED, CONFIRMED, AND MADE A PART HEREOF**.[10]

Petitioner contends that his counsel rendered ineffective assistance in three additional ways: (1) "Counsel withheld evidence - 99% of case file - from defendant," despite requests by Petitioner; (2) Counsel disclosed confidential information to the

---

[9]At the evidentiary hearing, neither Petitioner's counsel nor counsel for the Respondent could say whether the sex-offender probation component of the sentence is illegal. Repondent stated that Petitioner can raise the issue of the legality of his sentence at any time by way of a motion under Fla. R. Crim. P. 3.800(a). The state court record reflects that Petitioner unsuccessfully pursued this claim in his postconviction motions.

[10]The state court rejected as "frivolous" Petitioner's claim that he was unaware of his right to appeal, finding that Petitioner knowingly waived his right to appeal in the plea agreement and confirmed during the plea colloquy that he had read and understood the plea agreement. Doc. 43 at 9-10. The Court concludes that this claim is also patently inconsistent with Petitioner's unsupported claim that he instructed his counsel to appeal shortly after entering his plea.

prosecution and witnesses; and (3) Counsel refused to investigate the accuser. Amended Petition, Doc. 6, at 10.

The Court has carefully reviewed Petitioner's pleadings in this case, and in no pleading before this Court has Petitioner explained with any specificity exactly what information was wrongfully withheld or disclosed by counsel, and what information Counsel should or could have obtained by investigating the accuser that would have been relevant to Petitioner's decision to enter a nolo contendre plea to carjacking. Petitioner has thus made no showing that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.

Petitioner has not shown that the state court's rejection of his ineffective-assistance claims reflects an adjudication that was either contrary to, or an unreasonable application of, Federal law or an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (d)(2).

## Conclusion

For the foregoing reasons, the Petition is **DENIED**. The Clerk is directed to enter judgment denying the Petition and dismissing this case with prejudice,

terminate any pending motions and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this __17th__ day of August 2008.

_for_ **WM. TERRELL HODGES**
United States District Judge

c: Petitioner
   Counsel of Record

15